Tebo v. Ballard.

---

FELIX TEBO v. HENRY T. BALLARD.

*Contract for Service.    Time of Payment.*

Where a party contracts to work for another and fails to complete the stipulated term, but without the fault of the other, no time being agreed on for payment, the law implies that it is to be made at the end of the term, and the party has no right to demand or sue for it until that time.

Tebo *v.* Ballard.

BOOK ACCOUNT. The facts are sufficiently stated in the opinion of the court.

The county court, at the September Term, 1863, ALDIS, J., presiding, rendered judgment for the defendants. Exceptions by the plaintiff.

*H. A. Burt,* for the plaintiff, cited *Fuller* v. *Brown,* 11 Met. 440 ; *Patrick* v. *Putnam,* 27 Vt. 759.

*Dewey & Noble,* for the defendant.

In contracts of service for a specific time, in the absence of any express agreement, the law implies that payment is due on the completion of the services under the contract, and not before. *Ripley* v. *Chipman,* 13 Vt. 268 ; *Brown* v. *Kimball,* 12 Vt. 617 ; *Booth* v. *Tyson,* 15 Vt. 517 ; *Fenton* v. *Clark,* 11 Vt. 563.

BARRETT, J. The plaintiff contracted with the defendant that his son should work nine months for the defendant at $9. for the first month and $10. *per* month for the residue of the term. The boy worked a little more than five months, and then left, for the alleged reason of his being unwell, and without any fault on the part of the defendant, and contrary to his wish. He declined to return and complete his term of *work, though requested by the defendant, and though he soon recovered from his indisposition. This suit was commenced some three months before the term for which the boy was engaged to work had expired.

The point made by the defendant is, that it was prematurely brought. Without entering upon any discussion of the cases involving the subject of the right to recover compensation for the work actually performed under such contracts as this, when the party engaged to do the service fails to complete the stipulated term of service, it is quite obvious that the other party ought not to be subjected to any greater disadvantage than is involved in the loss of service for the residue of the term. In contracts of this kind, where there is no time stipulated when payment for service is to be made, the law implies that it is to be made at the end of the term. If, in this case, the boy had continued in the service of the defendant, no duty of payment, and no right to demand or sue for the payment, would have accrued till the expiration of the term.

Because he found occasion, in his temporary misfortune, to cease from service without performing the contract, we think it would be difficult to assign a reason why he should thereby be invested with the right to demand and sue for his pay at an earlier day than he would have had if he had performed his part. of the contract. The farthest that cases have gone is to accord to him the right to have pay *quantum meruit,* for the service actually rendered ; but no case has undertaken to say that he was entitled to enforce such payment at an earlier day than he would have been if he had worked through the whole term. Certainly there is no sound principle upon which it could be so held.

The judgment is affirmed.